IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NOS. WR-72,927-01 & WR-72,927-02




EX PARTE BARRETT MICHAEL TILLERY, Applicant




ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
CAUSE NOS. 20,157 & 20,158 
                      IN THE 258TH DISTRICT COURT FROM POLK COUNTY




           Per curiam.

O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of robbery and
burglary of a habitation and sentenced to ten years’ imprisonment for each cause.
            This Court remanded these applications to the trial court on November 18, 2009. The trial
court signed findings of fact and conclusions of law on July 13, 2010. Those findings did not
adequately address this Court’s concerns included in the original remand order.
            The order from this Court dated November 18, 2009, stated that the trial court shall “make
findings of fact as to whether Applicant was denied his right to a meaningful appeal because
Applicant’s counsel failed to timely file a notice of appeal.” The trial court’s findings state that
Applicant was aware of his right to appeal, therefore counsel was not ineffective for failing to advise
Applicant of his appellate rights. These findings do not address whether counsel was aware of
Applicant’s desire to appeal and failed to secure that right for Applicant.
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall obtain a response from counsel regarding Applicant’s claim of ineffective assistance of counsel. 
The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make findings of fact as to whether Applicant informed his counsel or
the trial court of his desire to appeal these cases. The trial court shall make findings of fact as to
whether Applicant affirmatively waived his right to appeal. The trial court shall make findings of
fact as to whether Applicant was denied his right to a meaningful appeal because Applicant’s counsel
failed to timely file a notice of appeal. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant’s claim for
habeas corpus relief. The trial court shall also supplement the writ record with copies of the “motion
for examination regarding sanity” and the psychological evaluation report referred to in its findings
dated July 13, 2010.
            These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 60 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing
or deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 90 days of the date of this order. Any extensions of time shall be
obtained from this Court. 
Filed: September 15, 2010
Do not publish